# IN THE UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

VICKY WHITERS-FERRIER,

　　**Plaintiff,**

**v.**　　　　　　　　　　　　　　　　　　**CASE NO.:**

LOWE'S COMPANIES, INC.,

　　**Defendant.**

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, VICKY WHITERS-FERRIER ("Plaintiff"), by and through undersigned counsel, hereby sues Defendant, LOWE'S COMPANIES, INC. ("Defendant" or "Lowe's"), and in support of her claims states as follows:

## JURISDICTION AND VENUE

1. This is an action for damages for violations of: 1) the Americans with Disabilities Act as Amended ("ADA"), 42 U.S.C. § 12101 *et seq.*; and 2) the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601 *et seq.*

2. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 and 42 U.S.C. § 12101 *et seq.*, and 29 U.S.C. § 2601 *et seq.*, as this action arises under federal law.

3. Venue is proper in the Middle District of Florida because the events giving rise to these claims occurred in Hillsborough County, Florida.

1

## PARTIES

4.      Plaintiff is a resident of St. Lucie County, Florida and worked for Defendant in the Tampa, Florida area.

5.      Defendant Lowe's Companies, Inc. is a national home improvement retailer operating retail stores and regional offices throughout the United States, including at 17427 Bridge Hill Court, Tampa, Florida 33647.

6.      At all times material hereto, Defendant employed fifty (50) or more employees within seventy-five (75) miles of Plaintiff's worksite and is therefore a covered employer under the FMLA.

7.      At all times material hereto, Defendant employed fifteen (15) or more employees and is therefore a covered entity under the ADA.

## GENERAL ALLEGATIONS

8.      Plaintiff has satisfied all conditions precedent, or they have been waived.

9.      Plaintiff has hired the undersigned attorneys and agreed to pay them a fee.

10.      Plaintiff requests a jury trial for all issues so triable.

## ADMINISTRATIVE EXHAUSTION

11.      On May 1, 2026, Plaintiff dual filed a Charge of Discrimination with the Equal Employment Opportunity Commission (EEOC), Charge No. 511-2026-

2

03155, for disability discrimination and retaliation.

12. Plaintiff's Charge of Discrimination was timely filed with the EEOC within the requisite time period after Defendant discriminated and retaliated against Plaintiff by terminating her employment.

13. On May 4, 2026, the EEOC issued a Determination and Notice of Rights on Plaintiff's Charge of Discrimination.

14. Plaintiff has sufficiently exhausted her administrative remedies by filing a Charge of Discrimination with the EEOC, after which she received the EEOC's Determination and Notice of Rights. This action is filed within 90 days of receipt of that notice.

## FACTS

15. Plaintiff began working for Defendant as a Central Selling Specialist – Flooring in or around May 2005, and she worked in this capacity until her termination in December 2025 after a tenure of approximately twenty (20) years.

16. Plaintiff performed her job satisfactorily throughout her employment, with no prior disciplinary history.

### *Plaintiff's Disability*

17. Plaintiff is diagnosed with Lupus (Systemic Lupus Erythematosus), a chronic autoimmune disease, and Fibromyalgia.

18. Plaintiff's conditions constitute physical impairments that substantially limit one or more major life activities, including speaking, physical mobility, and

3

immune system function.

19.    Plaintiff has a record of such impairments, having been approved for and utilized intermittent FMLA leave through Defendant's designated third-party leave administrator, Sedgwick Claims Management Services, Inc. ("Sedgwick"), for several years prior to her termination.

20.    Plaintiff was qualified to perform the essential functions of her position with or without reasonable accommodation.

### *FMLA Request and Disability-Related Absence*

21.    For several years prior to 2025, Plaintiff had been approved for and used intermittent FMLA leave through Sedgwick for her lupus condition without incident or disciplinary action.

22.    On October 6, 2025, Plaintiff formally applied for renewed intermittent FMLA coverage through Sedgwick, consistent with her longstanding practice.

23.    Sedgwick sent the required medical certification paperwork directly to Plaintiff's physician for completion.

24.    Due to holiday closures, Plaintiff's physician's office experienced delays in returning the completed certification forms. Plaintiff communicated regularly and transparently with Sedgwick, her physician's office, and her supervisor, Alyssa, throughout the pending certification process.

25.    On October 27, 2025, Plaintiff experienced an acute lupus flare-up

during which she became severely ill with impaired speech and physical incapacitation. Plaintiff used accrued sick time for one (1) day of absence and notified her supervisor Alyssa of her condition.

26.    Plaintiff returned to work on October 28, 2025, and continued working through early December 2025.

27.    Plaintiff's FMLA certification remained pending as of the date of her termination, and Defendant had not completed the certification process before taking adverse action against Plaintiff.

### *Supervisor Hostility and Adverse Treatment*

28.    Beginning in or around June 2025, when a new supervisor, Alyssa, began supervising Plaintiff and after learning of her disability, Alyssa began making repeated unsolicited suggestions that Plaintiff should "consider moving to other departments or teams," despite Plaintiff's approximately twenty (20) years of experience and strong performance as a Flooring Specialist.

29.    Alyssa's suggestions that Plaintiff move to another department and hostility toward Plaintiff were directed at and motivated by Plaintiff's disability and her history of utilizing FMLA leave.

30.    Defendant, through supervisor Alyssa, also informally adjusted Plaintiff's job duties to project-based work requiring less verbal communication, acknowledging the impact of Plaintiff's disability on her speech, while simultaneously failing to formally engage in the interactive accommodation process

5

under the ADA.

### *Termination*

31.    On or around December 3, 2025, at the conclusion of her shift, Plaintiff was called into a meeting with supervisor Alyssa, with another Lowe's employee present as a witness, and was terminated from her employment.

32.    The sole stated reason given for Plaintiff's termination was that Sedgwick had "not approved" her October 27, 2025, absence because she was not yet approved for intermittent FMLA at the time.

33.    Plaintiff had received no prior verbal warnings, written warnings, or disciplinary action of any kind during her approximately twenty (20) years of employment with Defendant.

34.    Despite repeated requests from Plaintiff, Defendant did not provide Plaintiff with any written termination notice.

35.    On December 17, 2025, fourteen (14) days after Plaintiff's termination, Sedgwick issued an approval letter (Case No. 4A251133YB10001GI), confirming that Plaintiff's intermittent FMLA leave was approved for the period of October 7, 2025, through October 6, 2026, encompassing her October 27, 2025, absence.

36.    Defendant's termination of Plaintiff was premised on the stated ground that her October 27 absence was not FMLA-approved — a rationale subsequently proven false by Sedgwick's retroactive approval of that very period of leave.

**CLAIMS FOR RELIEF**

**COUNT I – DISABILITY DISCRIMINATION UNDER THE ADA (DISPARATE TREATMENT/TERMINATION)**

37.    Plaintiff realleges and readopts the allegations of paragraphs 1 through 36 of this Complaint, as though fully set forth herein.

38.    Plaintiff has a physical impairment, Lupus (Systemic Lupus Erythematosus) and Fibromyalgia, that substantially limits one or more major life activities, including speaking, physical mobility, and normal immune system function.

39.    Plaintiff was qualified to perform the essential functions of her position as Central Selling Specialist - Flooring with or without reasonable accommodation.

40.    Defendant terminated Plaintiff's employment because of her disability, because of her record of disability, and/or because Defendant regarded her as disabled.

41.    The sole stated basis for Plaintiff's termination, an absence caused by an acute lupus flare-up while an FMLA certification was pending, was directly related to her disability.

42.    Defendant's actions were willful and done with malice or reckless indifference to Plaintiff's federally protected rights.

7

43.     Plaintiff was injured by Defendant's violations of the ADA, for which she is entitled to legal and equitable relief.

*WHEREFORE*, Plaintiff demands:

a.     A jury trial on all issues so triable;

b.     That process issue and that this Court take jurisdiction over the case;

c.     An injunction restraining continued violation of the ADA by Defendant;

d.     Compensation for lost wages, benefits, and other remuneration;

e.     Reinstatement of Plaintiff to a position comparable to Plaintiff's prior position, or in the alternative, front pay;

f.     Any other compensatory damages, including emotional distress, allowable at law;

g.     Punitive damages;

h.     Prejudgment interest on all monetary recovery obtained;

i.     All costs and attorney's fees incurred in prosecuting these claims; and

j.     For such further relief as this Court deems just and equitable.

## COUNT II – DISABILITY DISCRIMINATION UNDER THE ADA
### (FAILURE TO ACCOMMODATE)

8

44.     Plaintiff realleges and readopts the allegations of paragraphs 1 through 36 of this Complaint, as though fully set forth herein.

45.     Plaintiff has a physical impairment, Lupus (Systemic Lupus Erythematosus) and Fibromyalgia, that substantially limits one or more major life activities, including speaking, physical mobility, and normal immune system function.

46.     Plaintiff was qualified to perform the essential functions of her position as Central Selling Specialist - Flooring with or without reasonable accommodation.

47.     Plaintiff requested a reasonable accommodation, renewed intermittent FMLA leave for her chronic medical condition, on October 6, 2025, consistent with her prior years of approved leave.

48.     Defendant failed to engage in the good-faith interactive process required under the ADA and failed to provide Plaintiff a reasonable accommodation, instead terminating her employment while her accommodation request was still pending.

49.     The informal adjustment of Plaintiff's duties by supervisor Alyssa to project-based work, while never formally acknowledging or responding to Plaintiff's accommodation needs, further demonstrates Defendant's failure to engage in the interactive process.

50.     Defendant's actions constitute disability discrimination and failure to

9

accommodate under the ADA.

**WHEREFORE**, Plaintiff demands:

a.  A jury trial on all issues so triable;

b.  That process issue and that this Court take jurisdiction over the case;

c.  An injunction restraining continued violation of the ADA by Defendant;

d.  Compensation for lost wages, benefits, and other remuneration;

e.  Reinstatement of Plaintiff to a position comparable to Plaintiff's prior position, or in the alternative, front pay;

f.  Any other compensatory damages, including emotional distress, allowable at law;

g.  Punitive damages;

h.  Prejudgment interest on all monetary recovery obtained;

i.  All costs and attorney's fees incurred in prosecuting these claims; and

j.  For such further relief as this Court deems just and equitable.

## COUNT III – RETALIATION UNDER THE ADA

51.  Plaintiff realleges and readopts the allegations of paragraphs 1 through

36 of this Complaint, as though fully set forth herein.

52.     Plaintiff engaged in protected activity under the ADA by requesting renewed intermittent FMLA leave as an accommodation for her disability on October 6, 2025, and by using disability-related sick leave on October 27, 2025, during a lupus flare-up while her FMLA application was pending.

53.     Defendant took materially adverse action against Plaintiff, including termination of her employment on or around December 3, 2025.

54.     The temporal proximity between Plaintiff's disability-related absence on October 27, 2025 and her termination approximately thirty-six (36) days later, combined with the supervisor's pattern of hostility beginning in June 2025, establishes a causal link between Plaintiff's protected activity and the adverse action.

55.     Defendant's stated reason for Plaintiff's termination, that Sedgwick had "not approved" the October 27 absence, was proven false by Sedgwick's subsequent approval letter, demonstrating that the stated reason was pretextual.

56.     Defendant's actions constitute retaliation under the ADA.

*WHEREFORE*, Plaintiff demands:

    a.    A jury trial on all issues so triable;

    b.    That process issue and that this Court take jurisdiction over the case;

    c.    An injunction restraining continued violation of the ADA by Defendant;

d.      Compensation for lost wages, benefits, and other remuneration;

e.      Reinstatement of Plaintiff to a position comparable to Plaintiff's prior position, or in the alternative, front pay;

f.      Any other compensatory damages, including emotional distress, allowable at law;

g.      Punitive damages;

h.      Prejudgment interest on all monetary recovery obtained;

i.      All costs and attorney's fees incurred in prosecuting these claims; and

j.      For such further relief as this Court deems just and equitable.

## COUNT IV – INTERFERENCE WITH FMLA RIGHTS

57.     Plaintiff realleges and readopts the allegations of paragraphs 1 through 36 of this Complaint, as though fully set forth herein.

58.     At all times material hereto, Plaintiff was an eligible employee under the FMLA, having been employed by Defendant for approximately twenty (20) years and having worked the requisite hours in the year preceding her leave.

59.     Plaintiff suffered from a serious health condition within the meaning of the FMLA, Lupus (Systemic Lupus Erythematosus), that caused periodic incapacity requiring absence from work.

60.     Plaintiff gave adequate notice of her need for FMLA leave by formally

12

applying for renewed intermittent FMLA coverage on October 6, 2025, and by notifying her supervisor of her acute flare-up on October 27, 2025.

61.     Plaintiff kept Sedgwick, her physician's office, and supervisor Alyssa informed of the status of the certification process throughout the pendency of her FMLA application.

62.     Defendant, through Sedgwick, was processing Plaintiff's FMLA certification at the time of her termination; the certification forms had not yet been returned by Plaintiff's physician due to holiday closures.

63.     Defendant interfered with Plaintiff's FMLA rights by terminating her employment while her FMLA application was still pending and before the certification process was completed, based solely on the October 27, 2025 absence.

64.     Sedgwick subsequently approved Plaintiff's FMLA leave for the period of October 7, 2025 through October 6, 2026, confirming that the October 27 absence was FMLA-qualifying.

65.     Defendant's actions constitute interference with Plaintiff's FMLA rights in violation of 29 U.S.C. § 2615(a)(1).

**WHEREFORE**, Plaintiff demands:

a.     A jury trial on all issues so triable;

b.     That process issue and that this Court take jurisdiction over the case;

c.     That this Court enter a declaratory judgment stating that

13

Defendant interfered with Plaintiff's rights under the FMLA;

d.      Compensation for lost wages, benefits, and other remuneration;

e.      Reinstatement of Plaintiff to a position comparable to Plaintiff's prior position, with back pay plus interest, pension rights, seniority rights, and all fringe benefits;

f.      Front pay;

g.      Liquidated damages;

h.      All costs and attorney's fees incurred in prosecuting these claims; and

i.      For such further relief as this Court deems just and equitable.

## COUNT V – RETALIATION UNDER THE FMLA

66.     Plaintiff realleges and readopts the allegations of paragraphs 1 through 36 of this Complaint, as though fully set forth herein.

67.     Plaintiff engaged in protected activity under the FMLA by formally requesting intermittent FMLA leave on October 6, 2025, and by taking a qualifying FMLA-protected absence on October 27, 2025.

68.     Defendant took materially adverse action against Plaintiff by terminating her employment on or around December 3, 2025.

69.     Defendant explicitly stated that Plaintiff's October 27, 2025 absence was the sole basis for her termination, establishing a direct causal link between

14

Plaintiff's protected FMLA activity and her termination.

70.     Defendant's stated reason for Plaintiff's termination was proven false by Sedgwick's subsequent approval of Plaintiff's FMLA leave, confirming the stated reason was pretextual.

71.     Defendant's actions were willful and showed reckless disregard for the provisions of the FMLA.

72.     Plaintiff was injured by Defendant's violations of the FMLA, for which she is entitled to legal and equitable relief.

*WHEREFORE*, Plaintiff demands:

      a.      A jury trial on all issues so triable;

      b.      That process issue and that this Court take jurisdiction over the case;

      c.      That this Court enter a declaratory judgment stating that Defendant retaliated against Plaintiff in violation of the FMLA;

      d.      Compensation for lost wages, benefits, and other remuneration;

      e.      Reinstatement of Plaintiff to a position comparable to Plaintiff's prior position, with back pay plus interest, pension rights, seniority rights, and all fringe benefits;

      f.      Front pay;

      g.      Liquidated damages;

15

h.  All costs and attorney's fees incurred in prosecuting these claims; and

i.  For such further relief as this Court deems just and equitable.

## JURY TRIAL DEMAND

Plaintiff demands trial by jury as to all issues so triable.

Dated this 31st day of July, 2026.

Respectfully submitted,

*/s/ Elena Komsky, Esq.*
**ELENA KOMSKY**
Florida Bar No.: 116000
**CANTRELL SCHUETTE, P.A.**
401 E. Jackson St., Suite 2340
Tampa, Florida 33602
Firm: (813) 705-6275
Email: ekomsky@lawcantrell.com
Email: paralegal@lawcantrell.com
**Counsel for the Plaintiff**

16